# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                 Plaintiff**,**

                                      **Case No. 06-C-908**
                                           **(04-CR-308)**

        **-vs-**

**CHRISTOPHER TAYLOR,**

                 Defendant.

---

# DECISION AND ORDER

---

      Pursuant to 28 U.S.C. § 2255, Christopher Taylor ("Taylor") alleges that his guilty plea was induced by ineffective assistance of counsel. Taylor plead guilty to one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. Taylor alleges that counsel's failure to advise him that the government was required to prove that he possessed a firearm in relation to a drug trafficking offense was ineffective assistance. The Court directed the government to answer Taylor's motion.

      Taylor signed a document ("Guilty Plea document") which detailed the elements of the offense as follows:

> The following elements of the crimes must be proven by the government beyond a reasonable doubt:
>
> Count Two: Possession of a Firearm in Furtherance of a Drug Trafficking Crime
>
> First, the defendant committed a drug-trafficking crime; and

*Second, the defendant knowingly possessed a firearm in furtherance of the drug trafficking crime.*

(Docket No. 3-2, ¶ 7) (emphasis added).

Taylor's counsel, William Burke ("Burke"), avers that (1) he went over the Guilty Plea document with Taylor in its entirety and (2) it is "highly unlikely" that the "in furtherance of" element was not specifically discussed. (Docket No. 3-2, ¶ 9). Burke is "familiar" with the "in furtherance" element of the offense. (Docket No. 3-2, ¶ 8). Burke's familiarity is enhanced because he "participated in a trial that preceded [his] representation of Mr. Taylor, and the centerpiece of the defense of a count in the indictment was the assertion that the government could not prove that the possession of the firearm was *in furtherance* of the drug trafficking offense." (*Id.*) (emphasis in original).

Finally, the Court affirmed that Taylor understood the contents of the Guilty Plea document during his Rule 11 plea hearing.

Therefore, Taylor cannot meet the high burden of demonstrating that his counsel's performance was deficient in violation of the Sixth Amendment. *See Raygoza v. Halick*, 474 F.3d 958, 962 (7th Cir. 2002) (to succeed, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Taylor's motion for relief under 28 U.S.C. § 2255 is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**